## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEATHER BARNHART, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDEA AMERICA CORP.,<br><br>Defendant. | Case No. 2:25-cv-8051<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Heather Barnhart ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Defendant Midea America Corp. ("Midea" or "Defendant"), and alleges as follows:

### BACKGROUND

1.    Midea is a world renowned electrical appliance manufacturer that employs over 166,000 workers and operates in over 200 countries and regions globally.[1]

2.    Beyond simply a legal basis for such an expectation, as a result of its track record consumers have come to expect that the appliances manufactured by Midea are necessarily safe. However, it has recently been determined that over a million air conditioners in consumers' homes are anything but, due to a manufacturing defect whereby pooled water does not drain quickly enough, in turn leading to mold growth. This has led to a recall of affected products, labeled 25-320 (hereinafter "the Recall").[2]

---

[1] https://www.midea.com/us/about-midea (last visited June 6, 2025).
[2] https://www.cpsc.gov/Recalls/2025/Midea-Recalls-About-1-7-Million-U-and-U-Window-Air-Conditioners-Due-to-Risk-of-Mold-Exposure (last visited June 6, 2025).

3.     The Recall was announced on June 5, 2025, when Midea recalled about 1.7 million units.[3]

4.     According to U.S. Consumer Product Safety Commission (CPSC), the Recall "involves U and U+ Window Air Conditioners made by Midea and sold in brand names including Midea, Comfort Aire, Danby, Frigidaire, Insignia, Keystone, LBG Products, Mr. Cool, Perfect Aire and Sea Breeze [more than three dozen unique model numbers are affected]. The air conditioners are designed to fit in windows. They were sold in three sizes of cooling power: 8,000, 10,000 and 12,000 BTU. The air conditioners are white and measure about 22 inches wide and 14 inches high. The brand name is printed on the units. The model number can be found on a label on the front right side of the unit when facing the air conditioner. They were sold with remote controls and can be controlled by a mobile app."[4]

5.     "Mold exposure poses risks of respiratory issues or other infections to some consumers."[5]

6.     Underscoring the seriousness of the defect, Midea has advised owners of listed models that they "should participate in the Recall immediately."[6]

7.     The proposed correction for this defect calls for a repair of the product (either professionally or by the consumer with a repair kit, depending on the model), or Midea will offer a refund so long as the consumer has returned the product or provided photographic evidence of the disposal of the unit.[7] The timing of the Recall leaves much to be desired, as summer and its

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] https://mideaurecall.expertinquiry.com/?lang=en (last visited June 6, 2025).
[7] *Id.*

exceedingly temperatures are nearly upon us. In turn, consumers must make the unenviable decision of choosing between ridding themselves of an unsafe product and living in unsafe heat, or attempting to have the unsafe product repaired – which is neither a guaranteed fix, nor something that can necessarily be accomplished quickly.

8.      Accordingly, Plaintiff brings this action and assert claims on behalf of herself and all other similarly situated persons (defined below) for negligence, breach of express and implied warranties, violation of relevant state consumer protections acts, and unjust enrichment.

**JURISDICTION AND VENUE**

9.      This Court has subject-matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) because (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, (2) the action is a class action, (3) there are members of the proposed Class who are diverse from Defendant (including Plaintiff), and (4) there are more than 100 proposed Class members.

10.      This Court has personal jurisdiction over Defendant because Defendant is a citizen of New Jersey, with its principal place of business in this District.

11.      Venue is proper in this District under 28 U.S.C. § 1391 because Defendant is a resident of this District.

**PARTIES**

12.      Plaintiff Heather Barnhart is a resident and citizen of Nassau County, New York.

13.      Defendant Midea America Corp. is a company organized and in existence under the laws of the State of Florida, with its principal place of business in Parsippany, New Jersey.

## FACTUAL ALLEGATIONS

14.    In May 2022, Plaintiff Barnhart purchased and continues to own a Defendant-manufactured, Midea-branded air conditioning unit labeled model number MAW12U1QWT.

15.    Plaintiff considered Midea a reputable company with a strong reputation for producing safe, reliable products and that this air conditioning unit was no different.

16.    Until this Recall, Plaintiff has never been informed of any recalls or defects related to her air conditioning unit.

17.    Approximately 1.7 million units have been sold by Midea nationwide.

18.    Owners are being forced to choose between continuing to operate a potentially unsafe air conditioning unit, or having attempting to have it repaired, which may or may not ultimately remedy the underlying issue.

19.    These options are lose-lose options, as in a best case scenario an owner will be required to expend substantial time to have the unit repaired or replaced, all the while potentially having exposure to harmful mold.

20.    In turn, assuming that the repair is effective and provides an actual fix to the underling issue, Plaintiff is still burdened with a unit that has been devalued by Defendant's actions because the value of an air conditioning unit with a known history of a faulty design is worth less than a one without such a history.

21.    In all, the Recall leaves more questions than answers regarding the products' safety and as such results in a diminution in value for the products in question.

22.    In all, Defendant's Recall amounts to tens of thousands of hours and dollars needlessly taken from Plaintiff and other affected product owners.

23.    In connection with the sale of products to class members, Midea provided written express warranties; buyers have no pre-sale knowledge or ability to bargain as to the terms of the warranties.

24.    Absent discovery, Plaintiff cannot identify the names and identities of individuals at Midea responsible for making false and misleading statements regarding the units purchased by class members. However, Midea is in possession of this information. Plaintiff's claims arise out of Defendant's fraudulent omission/concealment of the issues leading to the Recall, despite the implied and express representations about the quality and safety of the units in question.

25.    Plaintiff alleges that at all relevant times, including but not limited to the time she and others purchased their respective products, Midea knew, or should have known, about the issues leading to the Recall. In turn, Midea had a duty to disclose the issues based upon its exclusive knowledge. However, Midea failed to disclose the issues until the Recall, after approximately 1.7 million affected units are already in homes throughout the country.

## CLASS ACTION ALLEGATIONS

26.    Plaintiff, individually and on behalf of all others similarly situated, brings this class action pursuant to Fed. R. Civ. P. 23.

27.    The proposed Class is defined as follows:

**Nationwide Class:** All persons who own an air conditioning unit subject to the recall labeled 25-320.

**New York Subclass:** All persons who own an air conditioning unit subject to the recall labeled 25-320 who currently reside in New York or who resided in New York at the time they purchased the unit.

28.    Plaintiff reserves the right to modify, change, or expand the definitions of the proposed Class based upon discovery and further investigation.

29.     *Numerosity*: The proposed Class is so numerous that joinder of all members is impracticable. Reports indicate that the number of units subject to the Recall is approximately 1.7 million, and though the number of individuals who qualify as class members is likely to approach this figure, the exact number is unknown to Plaintiffs. For example, some class members may own more than one such unit. Nevertheless, the precise number of class members can be readily identified through Defendant's records.

30.     *Commonality*: Questions of law or fact common to the Class include, without limitation:

  a.  Whether the products in question were defective;

  b.  Whether the defective nature of the products would be considered material;

  c.  Whether the defective nature of the products constitute an unreasonable safety risk;

  d.  Whether Midea knew or should have known about the defective nature of the products;

  e.  Whether Midea had a duty to disclose, prior to purchase, the defective nature of the products to consumers;

  f.  Whether the defective nature of the products has decreased the value of the products;

  g.  Whether Midea's conduct constitutes an unlawful breach of the implied warranty of merchantability;

  h.  Whether Midea's conduct constitutes an unlawful breach of express warranties;

  i.  Whether Midea fraudulently omitted material information in its interactions with consumers;

  j.  Whether Midea was unjustly enriched;

  k.  Whether Plaintiff and Class members are entitled to damages and/or other monetary relief.

31.    *Typicality*: The claims or defenses of Plaintiff are typical of the claims or defenses of the Class. Class members were injured and suffered damages in substantially the same manner as Plaintiff, Class members have the same claims against Defendant relating to the same course of conduct, and Class members are entitled to relief under the same legal theories asserted by Plaintiff.

32.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the proposed Class and has no interests antagonistic to those of the proposed Class. Plaintiff has retained counsel experienced in the prosecution of complex class actions.

33.    *Predominance*: Questions of law or fact common to proposed Class members predominate over any questions affecting only individual members. Common questions such as whether Defendant owed a duty to Plaintiff and the Class and whether Defendant breached its duties predominate over individual questions such as measurement of economic damages.

34.    *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of the Class is impracticable. Many members of the Class are without the financial resources necessary to pursue this matter. Even if some members of the Class could afford to litigate their claims separately, such a result would be unduly burdensome to the courts in which the individualized cases would proceed. Individual litigation increases the time and expense of resolving a common dispute concerning Defendant's actions toward an entire group of individuals. Class action procedures allow for far fewer management difficulties in matters of this type and provide the unique benefits of unitary adjudication, economies of scale, and comprehensive supervision over the entire controversy by a single judge in a single court.

35.     *Manageability*: Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

36.     The Class may be certified pursuant to Rule 23(b)(2) because Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

37.     The Class may also be certified pursuant to Rule 23(b)(3) because questions of law and fact common to the Class will predominate over questions affecting individual members, and a class action is superior to other methods for fairly and efficiently adjudicating the controversy and causes of action described in this Complaint.

38.     Particular issues under Rule 23(c)(4) are appropriate for certification because such claims present particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein.

## CAUSES OF ACTION

### COUNT I
### NEGLIGENCE
### (on behalf of Plaintiff and the Class)

39.     All preceding paragraphs are incorporated by reference as though fully set forth herein.

40.     At all times relevant, Defendant had a duty to provide Plaintiff and the other members of the Class with safe air conditioning units.

41.     Specifically, Defendant has a duty to provide the units as safe for home installation to its potential consumers.

42.     Defendant breached this duty by failing to ensure the safety of its air conditioning units.

43.    As a result of Defendant's breach, Plaintiff and the other Class Members were harmed in that they suffered economic injury and lost the benefit of the bargain relating to their purchase price of their air conditioning units.

44.    Defendant's breach of its duty caused Plaintiff and the other Class Members damages both proximately and factually.

45.    Had Defendant properly designed, manufactured, or implemented a system in which the air conditioning units had been properly examined and tested prior to sale, Plaintiff and the other Class Members would not have been injured and/or damaged as they would not have purchased unsafe products.

## COUNT II
## BREACH OF EXPRESS WARRANTY
### (on behalf of Plaintiff and the Class)

46.    All preceding paragraphs are incorporated by reference as though fully set forth herein.

47.    Defendant's representations and written warranty constitute an express warranty pursuant to U.C.C. § 2-313.[8]

---

[8] All fifty States, the District of Columbia, and Puerto Rico have codified and adopted U.C.C. § 2-313: Ala. Code § 7-2-313; Alaska Stat. § 45.02.313; Ariz. Rev. Stat. Ann. § 47-2313; Ark. Code. Ann. § 4-2-313; Cal. Com. Code § 2313; Colo. Rev. Stat. § 4-2-313; Conn. Gen. Stat. Ann. § 42a-2-313; 6 Del. Code. § 2-313; D.C. Code. § 28:2-313; Fla. Stat. Ann. § 672.313; Ga. Code. Ann. § 11-2-313; Haw. Rev. Stat. § 490:2-313; Idaho Code § 28-2-313; 810 Ill. Comp. Stat. Ann. 5/2-313; Ind. Code Ann. § 26-1-2-313; Kan. Stat. Ann. § 84-2-313; Ky. Rev. Stat. Ann. § 355.2-313; 11 Me. Rev. Stat. Ann. § 2-313; Md. Code. Ann. § 2-313; Mass. Gen. Law Ch. 106 § 2-313; Mich. Comp. Laws Ann. § 440.2313; Minn. Stat. Ann. § 336.2-313; Miss. Code Ann. § 75-2-313; Mo. Rev. Stat. § 400.2-313; Mont. Code Ann. § 30-2-313; Nev. Rev. Stat. U.C.C. § 104.2313; N.H. Rev. Ann. § 382-A:2-313; N.J. Stat. Ann. § 12A:2-313; N.M. Stat. Ann. § 55-2-313; N.Y. U.C.C. Law § 2-313; N.C. Gen. Stat. Ann. § 25-2-313; N.D. Stat. § 41-02-313; Ohio Rev. Code Ann. § 1302.26; Okla. Stat. tit. 12A § 2-313; Or. Rev. Stat. § 72.3130; 13 Pa. C.S. § 2313; P.R. Laws. Ann. Tit. 31, § 3841, et seq.; R.I. Gen. Laws § 6A-2-

48. The issues that caused the products to fail to conform to Defendant's representations formed part of the basis of the bargain.

49. The warranty covers the defect and any damage proximately caused by the defect.

50. Defendant breached the warranty because it was unwilling or unable to remedy the defect within a reasonable time, and any attempt to remedy the defect has been ineffective.

51. Defendant's breach deprived Plaintiff and Class members of the benefit of the bargain.

52. Defendant's attempt to disclaim or limit the warranty is unconscionable and unenforceable under the circumstances here because:

   a. Defendant knowingly sold a defective product without informing consumers about the defect;

   b. The time limits contained in Defendant's warranty period are unconscionable and inadequate to protect Plaintiffs and members of the Class;

   c. Plaintiffs and Class Members had no meaningful choice in determining these time limitations, the terms of which unreasonably favor Defendant; and

   d. A gross disparity in bargaining power existed between the parties.

53. The essential purpose of the warranty failed because Plaintiff and Class members are unable to reasonably obtain a workable remedy pursuant to the terms of the warranty, so Plaintiff and Class members are entitled to a remedy that is not limited by the terms of the warranty.

---

313; S.C. Code Ann. § 36-2-313; S.D. Stat. § 57A-2-313; Tenn. Code Ann. § 47-2-313; Tex. Bus. & Com. Code Ann. § 2-313; Utah Code Ann. § 70A-2-313; Va. Code § 8.2-313; Vt. Stat. Ann. 9A § 2-313; W. Va. Code § 46-2-313; Wash. Rev. Code § 62A 2-313; Wis. Stat. Ann. § 402.313; and Wyo. Stat. § 34.1-2-313.

54.     Plaintiff and Class members have complied with all obligations under the warranty or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

55.     As a direct and proximate result of Defendant's conduct, Plaintiff and Class members have been injured and sustained damages.

## COUNT III
## BREACH OF IMPLIED WARRANTY
### (on behalf of Plaintiff and the Class)

56.     All preceding paragraphs are incorporated by reference as though fully set forth herein.

57.     The sale of the air conditioning units created an implied warranty of merchantability pursuant to U.C.C. § 2-314.[9]

---

[9] All fifty States, the District of Columbia, and Puerto Rico have codified and adopted U.C.C. § 2-314: Ala. Code § 7-2-314; Alaska Stat. § 45.02.314; Ariz. Rev. Stat. Ann. § 47-2314; Ark. Code. Ann. § 4-2-314; Cal. Com. Code § 2314; Colo. Rev. Stat. § 4-2-314; Conn. Gen. Stat. Ann. § 42a-2-314; 6 Del. Code. § 2-314; D.C. Code. § 28:2-314; Fla. Stat. Ann. § 672.314; Ga. Code. Ann. § 11-2-314; Haw. Rev. Stat. § 490:2-314; Idaho Code § 28-2-314; 810 Ill. Comp. Stat. Ann. 5/2-314; Kan. Stat. Ann. § 84-2-314; Ky. Rev. Stat. Ann. § 355.2-314; La. Civ. Code Art. 2520; 11 Me. Rev. Stat. Ann. § 2-314; Md. Code. Ann. § 2-314; Mass. Gen. Law Ch. 106 § 2-314; Mich. Comp. Laws Ann. § 440.2314; Minn. Stat. Ann. § 336.2-314; Miss. Code Ann. § 75-2-314; Mo. Rev. Stat. § 400.2-314; Mont. Code Ann. § 30-2-314; Nev. Rev. Stat. U.C.C. § 104.2314; N.H. Rev. Ann. § 382-A:2-314; N.J. Stat. Ann. § 12A:2-314; N.M. Stat. Ann. § 55-2-314; N.Y. U.C.C. Law § 2-314; N.C. Gen. Stat. Ann. § 25-2-314; N.D. Stat. § 41-02-314; Ohio Rev. Code Ann. § 1302.27; Okla. Stat. tit. 12A § 2-314; Or. Rev. Stat. § 72.3140; 13 Pa. C.S. § 2314; P.R. Laws. Ann. Tit. 31, § 3841, et seq.; R.I. Gen. Laws § 6A-2-314; S.C. Code Ann. § 36-2-314; S.D. Stat. § 57A-2-314; Tenn. Code Ann. § 47-2-314; Tex. Bus. & Com. Code Ann. § 2-314; Utah Code Ann. § 70A-2-314; Va. Code § 8.2-314; Vt. Stat. Ann. 9A § 2-314; W. Va. Code § 46-2-314; Wash. Rev. Code § 62A 2-314; Wis. Stat. Ann. § 402.314; and Wyo. Stat. § 34.1-2-314.

58.     The defect caused the products to be unmerchantable because the products cannot perform their essential functions according to what the average purchaser would reasonably expect.

59.     The warranty covers the defect and any damage proximately caused by the defect.

60.     Defendant breached the warranty because it was unwilling or unable to remedy the defect within a reasonable time, and any attempt to remedy the defect has been ineffective.

61.     Defendant's breach deprived Plaintiffs and Class members of the benefit of the bargain.

62.     Defendant's attempt to disclaim or limit the warranty is unconscionable and unenforceable under the circumstances here because:

    a.     Defendant knowingly sold a defective product without informing consumers about the defect;

    b.     The time limits contained in Defendant's warranty period are unconscionable and inadequate to protect Plaintiffs and members of the Class;

    c.     Plaintiffs and Class Members had no meaningful choice in determining these time limitations, the terms of which unreasonably favor Defendant; and

    d.     A gross disparity in bargaining power existed between the parties.

63.     The essential purpose of the warranty failed because Plaintiff and Class members are unable to reasonably obtain a workable remedy pursuant to the terms of the warranty, so Plaintiff and Class members are entitled to a remedy that is not limited by the terms of the warranty.

64.     Plaintiff and Class members have complied with all obligations under the warranty or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

65.     As a direct and proximate result of Defendant's conduct, Plaintiff and Class members have been injured and sustained damages.

## COUNT IV
### UNJUST ENRICHMENT
### (on behalf of Plaintiff and the Class)

66.     All preceding paragraphs are incorporated by reference as though fully set forth herein.

67.     Defendant represented to Plaintiff and Class members that the air conditioning units were reliable, merchantable, and in good repair.

68.     The defect caused the air conditioning units to fail to conform to the performance, durability, capability, and reliability that Defendant represented and were therefore of a substantially lesser quality and value than Defendant represented.

69.     Defendant knew or should have known that the air conditioning units could not conform to their representations because of the defect.

70.     Defendant mispresented, concealed, and omitted material information concerning the defect.

71.     The defect and the facts mispresented, concealed, and omitted by Defendant are material because a reasonable consumer would have considered them to be important in deciding whether to purchase the air conditioning units.

72.     Defendant mispresented, concealed, and omitted material information concerning the defect in order to induce Plaintiffs and Class members to purchase the air conditioning units at a substantially higher price than what they would otherwise have paid.

73.     Plaintiffs and Class members reasonably and justifiably relied on Defendant's representations and advertisements when purchasing the air conditioning units.

74.    Plaintiffs and Class members would not have purchased the air conditioning units if they knew of the defect, or they would have only paid substantially less.

75.    Plaintiffs and Class members conferred substantial benefits on Defendant by purchasing defective air conditioning units at a premium without receiving a product that conformed to Defendant's representations.

76.    Defendant knowingly and willingly accepted and enjoyed these benefits.

77.    Defendant's retention of these benefits would be inequitable because Defendant obtained benefits to the detriment of Plaintiff and Class members when Plaintiff and Class members did not obtain their promised benefits.

78.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class members are entitled to restitution.

## <u>COUNT V</u>
### VIOLATION OF THE NEW YORK GENERAL BUSINESS LAW §§ 349-350
#### (on behalf of Plaintiff and the New York Subclass)

79.    All preceding paragraphs are incorporated by reference as though fully set forth herein.

80.    Defendant represented to Plaintiff New York Subclass members that the air conditioning units were reliable, merchantable, and in good repair.

81.    The defect caused the air conditioning units to fail to conform to the performance, durability, capability, and reliability that Defendant represented and were therefore of a substantially lesser quality and value than Defendant represented.

82.    Defendant knew or should have known that the air conditioning units could not conform to their representations because of the defect.

83. Defendant mispresented, concealed, and omitted material information concerning the defect.

84. The defect and the facts mispresented, concealed, and omitted by Defendant are material because a reasonable consumer would have considered them to be important in deciding whether to purchase the air conditioning units.

85. Defendant knew or should have known that the facts mispresented, concealed, and omitted were material to Plaintiff and New York Subclass members.

86. Defendant had a duty to inform Plaintiff and New York Subclass members of the defect because Defendant had superior knowledge about the existence, nature, cause, and results of the defect, and Plaintiff and New York Subclass members could not reasonably have been expected to discover the defect through reasonable diligence before purchasing the air conditioning units.

87. Defendant mispresented, concealed, and omitted material information concerning the defect in order to induce Plaintiff and New York Subclass members to purchase the air conditioning units at a substantially higher price than what they would otherwise have paid.

88. Plaintiff and New York Subclass members reasonably and justifiably relied on Defendant's representations and advertisements when purchasing the air conditioning units.

89. Plaintiff and New York Subclass members would not have purchased the air conditioning units if they knew of the defect, or they would have only paid substantially less.

90. Defendant acted in bad faith and with intent to defraud because:

    a.    Defendant sold the air conditioning units to Plaintiff and New York Subclass members with gross disregard for Plaintiff and New York Subclass members' rights and wellbeing;

      b.      Defendant sold the air conditioning units to Plaintiff and New York Subclass members with intent to not provide a remedy for the defect; and

      c.      Defendant sought to unjustly enrich themselves to the detriment of Plaintiff and New York Subclass members.

91.     Defendant's conduct constitutes deceptive and unfair trade practices within the meaning of New York General Business Law §§ 349 and 350.

92.     As a direct and proximate result of Defendant's conduct, Plaintiff and New York Subclass members have been injured and sustained damages.

## PRAYER FOR RELIEF

WHEREFORE, the following relief is requested:

      a.      An order certifying this action as a class action.

      b.      An award of statutory, compensatory, incidental, consequential, and punitive damages and restitution to the extent permitted by law in an amount to be proven at trial.

      c.      An order enjoining Defendant's unlawful conduct.

      d.      An award of attorneys' fees, expert witness fees, costs, and Class representative incentive awards as provided by applicable law.

      e.      An award of interest as provided by law, including pre-judgment and post-judgment interest.

      f.      Such other and further relief as this Court may deem just, equitable, or proper.

Dated: June 6, 2025              Respectfully submitted,

Brett R. Cohen
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
bcohen@leedsbrownlaw.com
*Counsel for Plaintiff and Proposed Class*